UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Leach, | Civil No. 10-4279 (SRN/JSM) |
|       Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| Michael J. Astrue<br>Commissioner of Social Security, | |
|       Defendant. | |

---

Gerald S. Weinrich, Weinrich Law Office, 400 South Broadway, Suite 203, Rochester, Minnesota 55904, for Plaintiff.

Lonnie F. Bryan, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated August 5, 2011 [Doc. No. 14]. In the R&R, Magistrate Judge Mayeron recommended that this Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Plaintiff filed timely objections to the R&R [Doc. No. 15], and Defendant responded to those objections. [Doc. No. 18].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**I.      BACKGROUND**

The full factual background of this Social Security matter is set forth in the thorough R&R.  In brief, Plaintiff David Leach applied for Social Security disability insurance benefits and supplemental security income for an alleged disability with an onset date of October 31, 2007.  His impairments include degenerative disc disease of the lumbar spine, piriformis syndrome and sacroiliitis with chronic pain.  (See ALJ Opinion at 3 [Doc. No. 6-2].)

As required by statute, the Commissioner convened a hearing before an Administrative Law Judge ("ALJ") to determine whether Plaintiff should receive benefits.  At this hearing, the ALJ heard testimony from Plaintiff, Medical Expert ("ME") Frank Indihar, M.D., and Vocational Expert ("VE") Mitch Norman.  The ALJ acknowledged Plaintiff's impairments, noted above, but found that they did not meet or equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  After considering the record, including the hearing testimony and Plaintiff's medical records, the ALJ also found that Plaintiff maintained the Residual Functional Capacity ("RFC") to perform certain work.   In addition, the ALJ found that certain of Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they were inconsistent with the RFC assessment.  (Id. at 4-5.)   The ALJ ultimately determined that Plaintiff was not disabled within the meaning of the statute and regulations, and that he was therefore not entitled to disability benefits.

The Magistrate Judge found that substantial evidence supported the ALJ's decision.  While Plaintiff argued that the ALJ should have given controlling weight to the opinion of Plaintiff's treating physician, Dr. Ulrich, the Magistrate Judge found that substantial evidence supported the ALJ's decision to assess limitations consistent with the testimony of Dr. Indihar and the opinions of Plaintiff's other treating and examining medical sources.  Plaintiff objects to

the R&R, arguing that the ALJ did not properly assess the weight to be given to Dr. Ulrich's opinions. In addition, Plaintiff objects to the R&R's approval of the ALJ's credibility analysis. Plaintiff contends that the ALJ's analysis was flawed and not supported by the record as a whole. Defendant, the Commissioner of Social Security, urges the Court to adopt the R&R for the reasons set forth in the Commissioner's Motion for Summary Judgment and Supporting Memorandum.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Social Security Administration Commissioner's decision is

> to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

### B. Weight Given to Medical Opinions

As set forth in the R&R, a treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. (R&R at 30 [Doc. No. 14]) (citing Clevenger v. Social Sec. Admin., 567 F.3d 971, 974 (8th Cir. 2009)). The Magistrate Judge correctly observed that Dr. Ulrich did not treat Plaintiff for a period of time between 2005 and 2009. Instead, Plaintiff met with other treating physicians. The Magistrate Judge found that the ALJ appropriately explained the weight given to Dr. Ulrich's opinions and why he gave

significant weight to the opinion of Dr. Indihar and to the opinion of Dr. Waggoner, another of Plaintiff's treating physicians.  As the Magistrate Judge stated, the ALJ reasonably explained that he placed significant weight on the opinion of Dr. Indihar, who had the opportunity to review the entire record and to hear Plaintiff's testimony.  The ALJ reasonably relied on Dr. Indihar's testimony regarding Plaintiff's RFC because, as noted, the ME reviewed the entire record in preparation for rendering an opinion and possessed medical expertise and familiarity with the Social Security regulations.  His testimony included a discussion of the restrictions proposed by Dr. Ulrich that the ALJ rejected, consistent with the ME's testimony that Dr. Ulrich's restrictions were excessive and inconsistent with other medical records.  The Magistrate Judge therefore properly found that the ALJ's decision to rely on the ME's testimony over that of Dr. Ulrich was supported by substantial evidence on the record as a whole.

      C.     **Credibility Determination of Plaintiff**

The Magistrate Judge correctly reviewed the ALJ's credibility determination of Plaintiff.  As the R&R provides, a claimant's subjective complaints of disability are evaluated by applying the give factors set forth in <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984).  The Magistrate Judge found that the ALJ considered the record as a whole, including the Plaintiff's testimony, objective medical evidence, and Plaintiff's activities of daily living.  While the ALJ found objective evidence supporting certain of Plaintiff's medical complaints, Plaintiff's pain and abilities waxed and waned.  The ALJ found it significant that for three years, Plaintiff did not treat at all.  The Magistrate Judge referenced these findings and reasonably concluded that the ALJ properly considered the <u>Polaski</u> factors in determining that many of Plaintiff's subjective complaints were unsupported.   Therefore, the Magistrate Judge properly found that the ALJ's conclusions with respect to credibility were supported by substantial evidence on the

record as a whole.

## III. CONCLUSION

Because the ALJ's conclusions are supported by substantial evidence on the record as a whole, summary judgment is granted as to Defendant.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc. No. 14] is **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment [Doc. No. 9] is **DENIED**; and
3. Defendant's Motion for Summary Judgment [Doc. No. 11] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 8, 2012

                                                s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge